O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID LOUIS WHITEHEAD,<br><br>        Plaintiff,<br><br>  v.<br><br>SONY INC., COLUMBIA PICTURES, INC.; AEG LIVE AND ANSHUTZ COMPANY; JOHN BLANCA; JOHN McCLAIN; et al.<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CV 12-08970 SVW (PLAx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY JUDGE WILSON**<br><br>[Dkt. No. 12] |

    This matter comes before the court on Plaintiff David Louis Whitehead's Motion for Recusal under 28 U.S.C. § 455.  Having reviewed Plaintiff's submission, the court DENIES the motion and adopts the following order.

    A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a) & (b)(1).  The Ninth Circuit has articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

Plaintiff asserts that Judge Steven V. Wilson is biased against him based on the fact that Judge Wilson rejected Plaintiff's pleadings instead of allowing them to be filed, despite the fact that he is a pro se litigant.[1] No reasonable person could conclude from these assertions that Judge Wilson bears a "deep-seated and unequivocal antagonism" toward Plaintiff "that would render fair judgment impossible." F.J. Hanshaw Enters., 244 F.3d at 1144-45. Accordingly, the Motion for Recusal is DENIED.

IT IS SO ORDERED.

Dated: December 14, 2012

DEAN D. PREGERSON
United States District Judge

---

[1] The docket indicates that Plaintiff's filing was rejected based on its lack of name, address, phone, facsimile number, and email address; the failure to provide a copy for the judge; and the failure of the proof of service to list the parties to which service was made. (Dkt. No. 11.)

2